Thomas C. Chimera, J.
Application pursuant to section 150 of the Debtor and Creditor Law for an order directing that a discharge of record be marked upon the docket of a judgment entered in the office of the Clerk of the County of New York is granted to the extent following.
It appears that petitioner was discharged in bankruptcy on schedules including respondent as judgment creditor except that respondent’s address was given as 350 Fifth Ave. N. Y. C., N. Y. instead of 79 5th Ave., N. Y. C., N. Y., the latter being-respondent’s correct address and the address actually listed in the judgment itself.
There is a dispute also on the question whether the name itself was correctly listed, petitioner stating that it was and respondent claiming that the schedules in bankruptcy failed to list the ‘ ‘ Inc. ’ ’
It is not disputed that the said judgment' was purportedly assigned to one Silvia Perlow, wife of the secretary of respondent corporation, who filed notice of same with the County Clerk two years before the bankruptcy proceedings were commenced. *257 Nor is it disputed that the assignee never advised the judgment debtor (alleged bankrupt) of the assignment.
Under the heading debts not affected by a discharge (U. S. Code, tit. 11, § 35), the following appears to he the law of this case:
‘1 A discharge in bankruptcy shall release a bankrupt from all of his provable debts, whether allowable in full or in part, except such as * * *
“ (3) have not been duly scheduled in time for proof and allowance, with the name of the creditor, if known to the bankrupt, unless such creditor had notice or actual knowledge of the proceedings in bankruptcy (Emphasis mine.)
Petitioner’s papers raise questions of respondent’s bona fides sufficiently suspicious to warrant a hearing on the question of the validity of the assignment and knowledge of the bankruptcy proceeding. Accordingly, the matter is referred to Hon. Leo J. Mullen, Special Referee, to hear and report with recommendations. Pending the coming in of said report, final disposition of this motion is held in abeyance and the examination in supplementary proceedings now pending in connection with the subject judgment is stayed.